# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| IMERYS MINERALS USA, INC. f/k/a S&B INDUSTRIAL MINERALS NORTH AMERICA, INC., | : : : | Case No. 1:20-cv-16 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| SPARTAN INDUSTRIAL SERVICES, *et al.*, | : : : | |
| Defendants. | : : | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT PRIVATE PROCESS SERVERS (Doc. 3)

This civil action is before the Court on Plaintiff's Motion to Appoint Private Process Servers (the "Motion"). (Doc. 3).

Plaintiff filed the Motion on January 9, 2020. (*Id.*) In the Motion, Plaintiff asks the Court to appoint four individuals as private process servers: Dan Stevenson, Harold Daniel, Tom Donahue, and David Quick (the "Prospective Process Servers"). (*Id.* at 1). Plaintiff represents that all of the Prospective Process Servers are over 18 years old; and that none of the Prospective Process Servers are parties to this action. (*Id.*) Plaintiff claims that appointment is proper under Rule 4(c) of the Federal Rules of Civil Procedure. (*Id.*)

Plaintiff's Motion is not well-taken. (*Id.*) Rule 4(c) provides that the Court has the discretion to "order that service be made by a United States marshal or deputy

marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Notwithstanding this language, a court-appointed process server is generally <u>not</u> required to effectuate service. *See id.* This is because Rule 4(c) <u>also</u> provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

As explained in a leading treatise:

> [U]nder present practice service may be made by a private process server, who may be anyone who is not a party and is at least eighteen years old. **A court appointment no longer is necessary when the plaintiff wants to use someone other than a marshal or deputy marshal. Thus, a court appointment will be necessary only when the process server needs to be invested with the authority that accompanies a court order**. Stated differently, a court appointment will be appropriate only when a particular person is needed or that person needs to be given **an authority that is not available to the ordinary private process server**.

4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1091 (4th ed. 2019) (emphasis added).

Any motion for a court-appointed process server "should indicate why that authority is necessary to accomplish service of process." *Allstate Ins. Co. v. Weir*, 531 F. Supp. 2d 674, 679 (E.D.N.C. 2008); *see also Millennium Pharmacy Sys., LLC v. MAPA Operating, LLC*, No. 2:19-CV-2428, 2019 WL 7297658, at *2 (E.D. Pa. Dec. 30, 2019) (same); *Alves v. Daly*, No. 1:12-CV-10935, 2013 WL 1330010, at *5 (D. Mass. Mar. 29, 2013) (same); *Matthews v. Int'l House of Pancakes, Inc.*, No. 2:08-CV-3595, 2008 WL 11354946, at *1 (E.D. La. Nov. 10, 2008) (same).

Here, according to Plaintiff's representations, all of the Prospective Process Servers are over 18 years old, and none of the Prospective Process Servers are parties to this action. (Doc. 3 at 1). Thus, according to Plaintiff's representations, all of the Prospective Process Servers are qualified to serve process under Rule 4(c)(2)—without a court order. If Plaintiff believes that the Prospective Process Servers require authority beyond that of ordinary process servers, it must file a new motion so stating. The present Motion contains no indication that such authority is required to effectuate service.

Based upon the foregoing, Plaintiff's Motion to Appoint Private Process Servers (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date:  January 10, 2020                                                                    *s/ Timothy S. Black*
                                                                                            Timothy S. Black
                                                                                            United States District Judge