UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IMERYS MINERALS USA, INC., | : | Case No. 1:20-cv-16 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SPARTAN INDUSTRIAL SERVICES, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 10)**

This case is before the Court on Plaintiff Imerys Minerals USA, Inc.'s motion for default judgment. (Doc. 10). Defendants did not respond.

### I.  PROCEDURAL HISTORY

Imerys filed the Complaint on January 6, 2020 against Spartan Industrial Services and Steve Spartan, both alter egos of Steve Stevenson. (Doc. 1). Stevenson was served with a copy of the summons and Complaint on February 8, 2020, and the summons was returned as executed on February 25, 2020. (Doc. 7). Stevenson was required to serve an answer or otherwise respond to the Complaint no later than March 2, 2020. To date, no responsive pleading has been filed or served. On June 8, 2020, the Clerk properly entered default. (Doc. 9). On June 26, 2020, Imerys filed the instant motion for default judgment. (Doc. 10).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and a party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## III. ANALYSIS

Imerys moves for default judgment and an award of damages stemming from Stevenson's breach of contract. Because Stevenson defaulted, Imerys' factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Upon review of the record, the Court finds that default judgment is warranted. Stevenson has made clear to the Court that he has no intention of defending this action on behalf of himself or his alter egos, Spartan Industrial Services and Steve Spartan. Based on the allegations in the Complaint, which the Court accepts as true, and the averments in the declaration submitted in support of default judgment (Doc. 10-2, the "Burns Affidavit"), the Court finds that: (1) Stevenson was properly served as the actual identity of alter egos Spartan Industrial Services and Steve Spartan; (2) Stevenson breached the contract he entered into with Imerys to pay $80,000 in exchange for scrap steel (Doc. 1 at ¶¶ 22–25); (3) Stevenson wrongfully interfered with Imerys' actual possession and rights to the scrap steel (*id.* at ¶¶ 27–31); and (4) Stevenson fraudulently induced Imerys to enter into the contract by making materially false representations about his identity and performance under the agreement (*id.* at ¶¶ 33– 37). With liability established, the Court must determine the extent of damages.

To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Here, Imerys seeks $80,000 plus pre- and post-judgment interest for Stevenson's breach of the contract and fraudulent conversion, attaching the Declaration of Brian Burns, Imerys' Operations Director, to support the request for damages to its motion. Burns declares he has knowledge of Imerys' recordkeeping system and Imerys' maintenance of records related to Stevenson/Spartan. (Doc. 10-2 at ¶ 2).

The Burns Declaration attaches the signed contract between Stevenson and Imerys. (Doc. 10-2, Ex. B-1). The contract states that "Spartan will pay Imerys $80,000 after all scrap is weighed and scrapped out." (*Id.*). The Court finds that the Burns Affidavit clearly shows that Imerys is entitled to collect $80,000 from Stevenson. (*Id.*).

Also, because this civil action is based in contract, Imerys is entitled to pre- and post-judgment interest under Ohio Rev. Code § 1343.03 and § 5703.47.[1] Pursuant to these sections, pre- and post-judgment interest rates are set by the tax commissioner each year. Pre-judgment interest accrues when the money becomes due and payable; thus, Imerys' pre-judgment interest shall be calculated at 4% because the amounts owed to Imerys by Stevenson/Spartan became due and payable on July 30, 2018. Ohio Rev. Code § 1343.03(A). (*See also* Doc. 10 at 8). Post-judgment interest accrues on the date of judgment; thus, Imerys' post-judgment interest shall be calculated at 3%. Ohio Rev. Code § 1343.03(B).[2]

---

[1] Imerys argues Ohio law applies. The contract does not contain a choice of law provision. The contract was signed in Ohio, but Imerys was injured in Mississippi. Both Ohio and Mississippi are related to the lawsuit and both provide for judgment interest in contract claims. *See* Miss. Code Ann. § 75-17-7. Either state is appropriate, so this Court will apply Ohio law. *Dodge Data & Analytics LLC v. iSqFt, Inc.*, 183 F. Supp. 3d 855, 872 (S.D. Ohio 2016) ("If [] either state would be appropriate, the court should apply the law of the forum state.")

[2] *See* Rate Table at https://www.courtclerk.org/forms/judgment_interest_2021.pdf.

## IV. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 10) is **GRANTED**. Judgment shall be entered in favor of Imerys and against Defendants in the amount of $80,000, plus 4% pre-judgment interest and 3% post-judgment interest based on the applicable rates under Ohio law. The Clerk shall enter judgment accordingly, whereupon, this civil action is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/29/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge